**SO ORDERED.**

**SIGNED this 26 day of March, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION**

**IN RE:**

**AMERICAN CREDIT COMPANY,**         Case No. 06-02189-8-JRL

    **Debtor.**

**AMERICAN CREDIT COMPANY,**

    **Plaintiff,**

    **v.**         Adversary Proceeding No.
            07-00119-8-JRL

**JOSEPH L. EVANS,**

    **Defendant.**

## ORDER

This case is before the court on a motion to dismiss filed by Joseph L. Evans ("Defendant"). On March 26, 2008, the court held a hearing on this matter in Raleigh, North Carolina.

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may

hear and determine.

American Credit Company ("debtor") filed a voluntary Chapter 11 petition on July 21, 2006. On October 18, 2007, the debtor instituted this adversary proceeding to avoid an alleged fraudulent transfer in the amount of approximately $10,000.00 under 11 U.S.C. § 548(a) and recover this transfer pursuant to 11 U.S.C. § 550.

Under Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b)(6), a complaint should not be dismissed for failure to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41 (1957). In making that determination, the court must accept as true all pleaded allegations and view the complaint in the light most favorable to the plaintiffs. Hatfill v. The New York Times Co., 416 F.3d 320, 329 (4th Cir. 2005).

At the March 26, 2008 hearing on this matter, Defendant presented no argument that the pleadings and facts set forth in the complaint filed by the debtor are insufficient to state a claim upon which relief can be granted. Therefore, Defendant's motion to dismiss is denied.

**END OF DOCUMENT**